IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANAN BERNARDO GABALDON,

    Plaintiff,

v.                                                                                          Case No. 19-cv-0808 MV-LF

GEO GROUP FACILITY,
WARDEN HORTON,
WARDEN GAY,
LT. ARGUELLO,
LT. RIVERA, and
MAJOR ARAGON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Danan Bernardo Gabaldon's *Pro Se* Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Plaintiff primarily alleges that a guard jeopardized his safety by making a false statement, both orally and in a prison disciplinary report. Because Plaintiff does not specify what the statement was, the Complaint fails to state a cognizable constitutional violation. The Court will dismiss the Complaint under 28 U.S.C. § 1915A but grant leave to amend.

**I.     Background**[1]

Plaintiff was previously incarcerated at the Guadalupe County Correctional Facility (GCCF). (Doc. 1 at 2-3). In November of 2017, Lieutenant Arguello issued a misconduct report to Plaintiff. *Id.* at 4. The misconduct report reflects that Plaintiff made a certain remark, which

---

[1] The background facts are taken from the allegations in the Complaint (Doc. 1), which the Court accepts as true for the purpose of this ruling.

Plaintiff in fact "never stated." *Id.* Arguello also purportedly told other inmates that Plaintiff made the remark. *Id.* at 5. The Complaint does not specify what the remark was; Plaintiff only alleges that Arguello knew or should have known that he was endangering Plaintiff's life by falsifying the disciplinary report. *Id.* at 3. Plaintiff filed several grievances, but Lieutenant Rivera and Major Aragon allegedly failed to respond. *Id.* at 4. It appears that Plaintiff may have been attacked as a result of the falsified report. He states that he suffered broken bones in his face but does not specifically state how he was injured, or why. *Id.* at 5. The Court construes the Complaint liberally to assume that Plaintiff was attacked as a result of the falsified remark.

Based on these facts, the Complaint raises claims for deliberate indifference to a serious risk of attack under the Eighth and Fourteenth Amendments for an equal protection violation, a violation of the Ex Post Facto Clause, and negligence. (Doc. 1 at 3, 5). The Complaint names six Defendants: Arguello; Rivera; Aragon; Wardens Horton and Gay; and the GEO Group, Inc ("GEO"). *Id.* at 1. Plaintiff seeks at least $1 million in damages and a sentence reduction. He paid the filing fee, and the Complaint is ready for initial review.

**II.     Standards Governing Initial Review**

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints that raise claims against government actors. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains

2

"sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile. *Id.*

**III.     Discussion**

Plaintiff's constitutional claims are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The constitutional claims here implicate the Eighth Amendment prohibition on deliberate

3

indifference to a serious risk of harm, the Equal Protection Clause, and the Ex Post Facto Clause. Lieutenant Arguello falsely attributed a remark to Plaintiff, which may have caused Plaintiff to be attacked by a fellow inmate. This alleged wrongdoing bears no relation to the Ex Post Facto clause, which stiffens the punishment beyond what the law provided when a crime was committed. *See* U.S. Const. art. I § 9, cl. 3; *Peugh v. United States*, 569 U.S. 530, 532–33 (2013). There is also no indication that Plaintiff was "treated differently from others who were similarly situated to [him]," or that Arguello acted with discriminatory intent. *See Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). The Complaint therefore fails to state an equal protection violation. The Court thus will focus on the Eighth Amendment claim.

Prison officials can be held liable under the Eighth Amendment for "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). To state a deliberate indifference claim, the plaintiff must show: "(1) that the conditions of his incarceration present an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). The objective component can be met based on the risk of assault by fellow inmates. *Id.*; *Wilson v. Falk*, 877 F.3d 1204, 1210 (10th Cir. 2017) (where fellow inmate stabbed plaintiff, only subjective component was in dispute); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005) (noting a physical assault satisfies the objective component of the Eighth Amendment test). As the Supreme Court explained: "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834.

To satisfy the subjective component of the deliberate indifference test, the complaint must include "evidence of [each individual] prison official's culpable state of mind." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Each defendant must "know[] of and disregard[] an excessive risk to inmate … safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996). A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted). The subjective component can also be met where the defendant created the risk of harm by feeding other inmates incendiary information about the plaintiff. *See, e.g., Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (holding that guard who told other inmates that plaintiff was a "snitch" demonstrated a "wanton disregard for the inmate's safety"); *Leary v. Livingston Cty. Jail*, 528 F.3d 438, 442 (7th Cir. 2008) (hodling that plaintiff potentially had a constitutional claim against guard who told other prisoners that plaintiff was charged with raping a child).

Here, Plaintiff alleges that he sustained broken cheek bones and teeth, which required surgery. Although the Complaint does not describe the circumstances surrounding the injury, the Court liberally construes it to mean that a fellow inmate hit Plaintiff after Arguello falsely attributed

5

an inflammatory remark to Plaintiff.  It therefore appears that the objective component is met.  As to the subjective component, Plaintiff alleges that Arguello "knew or should have known of th[e] risk by stating this [remark] on [the] misconduct report."  (Doc. 1 at 4).  Without knowing what the remark was, the Court cannot evaluate whether Arguello knew that it could cause other inmates to attack Plaintiff.  The Complaint therefore fails to state a cognizable Eighth Amendment claim against Arguello.

To the extent that Plaintiff sues Rivera and Aragon for refusing to respond to his grievances, these claims also fail.  The Tenth Circuit has repeatedly held that "there is no independent constitutional right to [effective] state administrative grievance procedures."  *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (collecting cases).  *See also Von Hallcy v. Clements*, 519 F. App'x. 521, 524 (10th Cir. 2013) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 F. App'x. 743, 749-50 (10th Cir. 2011) (same); *Ciempa v. Ward*, 150 F. App'x. 905, 906-07, 909 (10th Cir. 2005) (same).  Plaintiff therefore cannot recover from Rivera or Aragon.

The Complaint also fails to state a cognizable claim against the remaining Defendants, GEO, Warden Horton, and Warden Gay.  Private corporations and prison supervisors cannot be held vicariously liable for an employee's alleged constitutional violations under § 1983.  *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("[A] private [entity] 'cannot be held liable solely because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'"); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisory status does not support § 1983 liability).  To establish liability under § 1983, a plaintiff must show that the entity or supervisor "had an 'official ... policy of some nature ... that was the

direct cause or moving force behind the constitutional violations." *Dubbs*, 336 F.3d at 1216 (applying the rule to entities); *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (applying the rule to prison wardens). Plaintiff has not shown that any wrongdoing is traceable to a policy or custom by GEO or the wardens. The Complaint therefore fails to state a federal constitutional claim against any named Defendant.

For these reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will allow Plaintiff to amend his complaint within seventy-five (75) days of entry of this Order. The amended complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir. 2008). Plaintiff must describe the circumstances surrounding his attack and trace that attack back to Arguello. The amended complaint must also describe the specific remark or information that Arguello allegedly falsified, and how he communicated that information to other inmates. Plaintiff should refer to the pleading standards above for guidance.

The amended complaint will be subject to screening under § 1915A, and the Court will consider whether to exercise supplemental jurisdiction over any state negligence claims at that time. Plaintiff is further warned that this Court cannot reduce his state sentence based on any constitutional violation that occurred in prison. *See Heck v. Humphry,* 512 U.S. 477, 487 (1994). If Plaintiff declines to timely file an amended complaint, or files an amendment that fails to state a cognizable claim, the Court will dismiss this case with prejudice and without further notice.

7

**IT IS ORDERED** that Plaintiff's *Pro Se* Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** and Plaintiff may file an amended complaint **within seventy-five (75) days** of entry of this Order.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE