IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANAN BERNARDO GABALDON,

Plaintiff,

vs.                                                                    2:19-cv-00808-MV-LF

THE GEO GROUP FACILITY, et al.,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment, filed on July 1, 2021. Doc. 22. No response has been filed, and the time for filing a response has now passed. *See* D.N.M.LR-Civ. 7.4(a) (response must be filed within 14 days). District Judge Martha Vazquez referred this case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. Doc. 14. Having reviewed the motion, the relevant law, and being fully apprised of the facts, I find the motion is not well-taken, and I recommend that it be DENIED.

**A. Standard**

"The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). However, the Federal Rules of Civil Procedure provide a means by which a party may seek judgment against a party who has failed to answer a complaint or otherwise defend in an action. *See* FED. R. CIV. P. 55. Rule 55 mandates a two-step process for obtaining a default judgment. First, a party must obtain a court

clerk's entry of default.  *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.").  Second, the party must either request the clerk to enter default judgment when the claim is for "a sum certain or a sum that can be made certain by computation," FED. R. CIV. P. 55(b)(1), or"[i]n all other cases, the party must apply to the court for a default judgment," FED. R. CIV. P. 55(b)(2).  Whether to enter default judgment is a decision committed to the district court's sound discretion.  *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

Courts must make several threshold determinations when presented with a motion for default judgment, including whether service of process was adequate.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  "[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."  *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1556 (2017) (explaining that "a basis for service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction").  Default judgment should not be entered unless the record supports a finding that the party against whom judgment would be entered was properly served with the summons and the complaint.  *Cf. Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (per curiam) (vacating the district court's

2

denial of the defendant's motion to vacate the default judgment where the district court, *inter alia*, failed to determine whether the defendant was properly served with the complaint); *Edmonds v. Martinez*, 2009-NMCA-072, ¶ 13, 146 N.M. 753, 757, 215 P.3d 62, 66 (noting that "a judgment entered without notice or service is constitutionally infirm" and reversing the district court's finding of contempt and award of attorney fees against a defendant for failure to timely comply with a writ of mandamus where the reviewing court held that service of the writ did not comply with the applicable state court rule governing service of process) (citation omitted). "The plaintiff bears the burden of establishing the validity of service." *Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1140 (D.N.M. 2013).

### B. Plaintiff has not obtained a clerk's entry of default.

In this case, plaintiff has not completed the first step in the two-step process for obtaining a default judgment—obtaining a clerk's entry of default. Because plaintiff has not completed the first step, the Court cannot grant the motion for default judgment. *See Watkins*, 551 F. App'x at 958 ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.").

### C. Plaintiff has not demonstrated that service was valid.

According to plaintiff, defendants Lt. Arguello, Lt. Rivera, and Major Aragon were served on March 8, 2021. Doc. 22 at 1. Plaintiff filed three Affidavits of Service with the Court. *See* Docs. 18, 19, 20. These affidavits show that a process server sent each of these three defendants a copy of Plaintiff's First Amended Complaint (Doc. 6) via United States Postal Service certified mail with a return receipt requested. *Id*. The Affidavits of Service indicate that the Complaint was mailed to each individual defendant at the address of PO Box 520, Santa Rosa, NM 88435. Doc. 18 at 1; Doc. 19 at 1; Doc. 20 at 1. The Certified Mail Receipts,

however, show that the mailings were addressed to "The Geo Group Inc." (followed by the name

of each individual defendant) at PO Box 520, Santa Rosa, NM." Doc. 18 at 2; Doc. 19 at 2; Doc.

20 at 2. The signature of the person signing the return receipts is not legible, but the same person

signed for each of the three mailings, and the signature appears to have a first initial R and a last

name that starts with a B; this does not appear to be the signature of any of the named

defendants. *See id*. The person signing the return receipts did not print his or her name, nor did

he or she check the box indicating that he or she was the "agent" or the "addressee." *See id*.

Under Federal Rule of Civil Procedure 4, "an individual . . . may be served . . . by . . .

following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Alternatively, service may be accomplished by either:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2). None of the alternative methods in Rule (4)(e)(2) is at issue. The

question, therefore, is whether New Mexico law allows for service of process as effected by

plaintiff, i.e., via certified mail with a return receipt signed by an unidentified person.

In New Mexico, process must "be served in a manner reasonably calculated, under all the

circumstances, to apprise the defendant of the existence and pendency of the action and to afford

a reasonable opportunity to appear and defend." NMRA Rule 1-004(E)(1). Service upon an

individual may be made "by mail," NMRA Rule 1-004(F)(1)(b), and, indeed, New Mexico

allows for "a much-simplified method of service by mail," one that neither requires that the

defendant voluntarily choose to accept service nor mandates that service "be at the home address

or usual place of abode of the defendant." NMRA Rule 1-004 comm. commentary. However, the mere act of sending a summons and a complaint by certified mail and requesting that the receiving party sign a receipt is not sufficient to effect constitutionally adequate service. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950) (stating that adequate notice of a lawsuit is "[a]n elementary and fundamental requirement of due process" and that "when notice is a person's due, process which is a mere gesture is not due process"). Rule 1-004 itself mandates that service by mail must comply with two requirements: (1) that the envelope containing the summons and the complaint is "addressed to the named defendant," *and* (2) that "the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint." NMRA Rule 1-004(E)(3). These requirements "derive from constitutional due process requirements" and "must be satisfied to validly serve a person." NMRA Rule 1-004 comm. commentary.

Here, plaintiff has not satisfied the second of Rule 1-004(E)(3)'s two prerequisites to validly effect service by mail. Nothing in the record even arguably supports a finding that either the named defendants or a person appointed or legally authorized to accept service of process on any of the defendants' behalf signed the receipts for the packages that were delivered. The signatures on the certified mail return receipts are meaningless on the current record. *See* Doc. 18 at 2; Doc. 19 at 2; Doc. 20 at 2. The person who signed the return receipts was not any of the named defendants, nor did that person mark the boxes indicating that he or she was an "agent" for any of the defendants. *Id.* In the absence of evidence that supports a finding that defendants Arquello, Rivera, or Aragon, or someone legally authorized to accept service on behalf of any of them, signed for the documents sent by mail, the Court concludes that plaintiff has not validly

served these defendants by mail. *See Roybal v. Roybal*, No. 29,806, 2010 WL 3971587, at *2 (N.M. Ct. App. Jan. 6, 2010) (unpublished) (finding service insufficient under NMRA 1-004(E)(3) where envelope was "properly addressed" to defendant, but where there was no indication in the record that the individual who signed for the documents was "'authorized by appointment, by law or by this rule' to accept service of process on Defendant's behalf."); *see also Sugar v. Tackett,* No. 1:20-CV-00331-KWR-LF, 2021 WL 3292615, at *5 (D.N.M. Aug. 2, 2021) (finding defendant not properly served under NMRA 1-004(E)(3) where there was no evidence in the record showing defendant or "a person appointed or legally authorized to accept *service of process* on his behalf" had signed for the mailed documents).

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). I therefore recommend that the Court quash the service and give plaintiff 30 days from the adoption of this PFRD to properly serve defendants.

### D.  Conclusion

Plaintiff has neither properly served defendants nor moved for a clerk's entry of default. For these reasons, I recommend the Court DENY Plaintiff's Motion for Default Judgment (Doc. 22). I further recommend the Court grant plaintiff 30 days from the adoption of this PFRD to properly serve defendants and to file proof of service with the Court.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge